## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **DANIEL J. CLARK** ) | |
| ) | |
| **Plaintiff,** ) | Civil Case No._____ |
| ) | |
| vs. ) | |
| ) | |
| **CSX TRANSPORTATION, INC.** ) | |
| ) | |
| **Defendant.** ) | |

## COMPLAINT AND REQUEST FOR JURY TRIAL

Plaintiff, Daniel J. Clark, by and through counsel, Mallory E. Haeflich, Esquire, Latti & Anderson, LLP, and P. Matthew Darby, Esquire, Darby Law Group, LLC (to be admitted *pro hac vice*), sues Defendant CSX Transportation, Inc., and as causes of action states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff Daniel J. Clark is a citizen of Massachusetts.

2. Defendant CSX Transportation, Inc., ("CSXT"), is a railroad corporation organized and existing under and by virtue of the laws of the State of Florida and is doing business within the jurisdiction of this Court as an interstate common carrier for hire.

3. This is an action for negligence under the Federal Employers' Liability Act, 45 U.S.C. § 51 et. seq., stemming from Defendant's employment of Plaintiff and its negligent failure to provide Plaintiff with a reasonably safe place to work. In addition, this action also arises under the Safety Appliance Act, 49 U.S.C. § 20302. Plaintiff seeks economic and noneconomic damages, and other appropriate relief.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), inasmuch as a substantial part of the events or omissions giving rise to this claim occurred in Massachusetts and 28 U.S.C. §1391(b)(2).

5. At all times herein mentioned, the Plaintiff and the Defendant were engaged in interstate commerce; all trackage, cars, equipment, and premises involved were under the control of the Defendant.

6. On or about August 1, 2021, the Plaintiff, while in the employ of the Defendant as a Conductor, sustained severe injuries in its Framingham Yard, Framingham, MA.

7. On that date, the Plaintiff was kicking a car when a knuckle fell off the coupler of the car. It was determined that the pin on the knuckle was missing. Plaintiff requested the assistance of the Car Department to replace the knuckle, but assistance was not provided. As Plaintiff attempted to replace the knuckle himself, he sustained a severe back injury. The pain spread across his lower back, and he also experienced weakness to the lower extremities.

## COUNT I - NEGLIGENCE

8. Defendant CSXT owed to the Plaintiff a non-delegable duty to provide a reasonably safe place in which to perform his work.

9. Defendant CSXT breached its duty to provide the Plaintiff with a reasonably safe place to work in that:

 a. It failed to use reasonable care to furnish Plaintiff with a reasonably safe place in which to work;

 b. It failed to properly maintain the condition of the equipment with which the Plaintiff was required to work, more specifically, the knuckle of the coupler;

 c. It failed to warn the Plaintiff of the danger presented by the defective nature of the knuckle of the coupler;

 d. It failed to post a notice that this particular knuckle of the coupler was faulty and would abruptly, and without warning, stop working.

 e. It failed to have a comprehensive and reasonably effective inspection and repair program in place to discover and remediate defective and

       improperly functioning railroad equipment, especially knuckles of the couplers;

    f.    It failed to provide Plaintiff with the necessary assistance to perform the task in question, specifically regarding the knuckle pin and knuckle of the coupler;

    g.    It was otherwise careless, reckless, and negligent.

10.    As a direct and proximate result of the negligence of Defendant CSXT, the Plaintiff was seriously, painfully, and permanently injured about the body and limbs, resulting in injuries to his back and surrounding body structures, which caused and will continue to cause pain, suffering, and mental anguish, medical and other related expenses, an inability to perform his usual activities, and loss of income and wage-earning capacity, all past, present, and future.

WHEREFORE, The Plaintiff, Daniel Clark, demands judgment against the Defendant, CSX Transportation, Inc., in an amount to be determined by the Jury, together with interest and costs.

## COUNT II - NEGLIGENCE PER SE, FEDERAL SAFETY APPLIANCE ACT

11.    Plaintiff adopts and incorporates by reference all the facts and allegations contained above.

12.    The coupler that was involved in the Plaintiff's injury is a part of the railroad car's coupler system and, as such, it is a safety appliance under the Federal Safety Appliance Act. 49 U.S.C. § 20301 et. seq.

13.    Plaintiff's injuries are a result of the fact that the coupler in question was defective, unsafe and improper for Plaintiff to utilize for the task in question.

14. The condition of the coupler in question was in violation of the Federal Safety Appliance Act. 49 U.S.C. § 20301 et. seq., a law enacted for the safety of railroad workers. The Defendant is strictly liable to Plaintiff because of this violation.

15. Plaintiff is currently unadvised of other federal safety laws and/or regulations that the Defendant and/or its agents may have violated but he reserves the right to rely on other safety law/regulation violations shown during discovery.

16. As a direct and proximate result of the violation by Defendant CSXT of the aforementioned safety laws and regulations, the Plaintiff was seriously, painfully, and permanently injured about the body and limbs, resulting in injuries to his back and surrounding body structures, which caused and will continue to cause pain, suffering, and mental anguish, medical and other related expenses, an inability to perform his usual activities, and loss of income and wage-earning capacity, all past, present, and future.

WHEREFORE, The Plaintiff, Daniel J. Clark, demands judgment against the Defendant, CSX Transportation, Inc., in an amount to be determined by the Jury, together with interest and costs.

Respectfully submitted,
DANIEL J. CLARK
By his Attorney,

*/s/ Mallory E. Haeflich*
Mallory E. Haeflich, Esquire
BBO# 712323
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109
(617) 523-1000
mhaeflich@lattianderson.com

**TO BE ADMITTED PRO HAC VICE**
P. Matthew Darby, Esquire
Darby Law Group, LLC
201 International Circle, Suite 200
Hunt Valley, MD 21030
(833) 601-7245
matt@darby-lawgroup.com

## REQUEST FOR JURY TRIAL

Plaintiff, Daniel J. Clark, by and through the undersigned counsel, requests a jury trial on the issues presented herein.

*/s/ Mallory E. Haeflich*
Mallory E. Haeflich, Esquire

January 2, 2024